## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIRAHN DENNIS GILLIAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 2:22-cv-03889-ER** |
| **v.** ) | |
| ) | |
| **UNIVERSAL MUSIC GROUP, INC.** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## DEFENDANT UMG RECORDINGS, INC.'S
## MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS
## PLAINTIFF DIRAHN DENNIS GILLIAMS' COMPLAINT

Dated:  April 26, 2023

Marc S. Segal
segalm@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone:  (215) 665-8500
Facsimile:  (215) 864-8999

*Attorney for Defendant UMG Recordings, Inc.*

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ........................................................................................................... 1

II.    PROCEDURAL HISTORY AND STATEMENT OF FACTS ......................................... 2

III.   ARGUMENT ................................................................................................................. 4

      A.     Legal Standard ................................................................................................... 4

      B.     Claim Preclusion Bars Gilliams' Attempt to Relitigate Claims Dismissed
            with Prejudice in the 2010 Action .......................................................................... 5

            1.     This Court's Orders Dismissing the Claims Asserted in the 2010
                  Action with Prejudice Constitute a Final Judgment on the Merits ............ 6

            2.     UMG Was a Party in the 2010 Action ........................................................ 7

            3.     The Claims Dismissed in the 2010 Action and the Claims Asserted
                  in the Complaint in this Action Are Based on the Same Cause of
                  Action ........................................................................................................ 8

IV.    CONCLUSION ............................................................................................................ 10

i

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Adefumi v. City of Philadelphia,*
    445 Fed. Appx. 610 (3d Cir. 2011)................................................................7

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)........................................................................5

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)........................................................................5

*Blunt v. Lower Merion Sch. Dist.,*
    767 F.3d 247 (3d Cir. 2014)................................................................9

*Chilcott v. Erie Cty. Prison,*
    774 F. App'x 99 (3d Cir. 2019) ............................................................2

*Davis v. Wells Fargo,*
    824 F.3d 333 (3d Cir. 2016)................................................................5

*Duhaney v. Att'y Gen. of the U.S.,*
    621 F.3d 340 (3d Cir. 2010)................................................................6

*Erickson v. Pardus,*
    551 U.S. 89 (2007).........................................................................5

*James v. City of Wilkes-Barre,*
    700 F.3d 675 (3d Cir. 2012)................................................................5

*Lubrizol Corp. v. Exxon Corp.,*
    929 F.2d 960 (3d Cir. 1991).............................................................7, 8

*Papera v. Pa. Quarried Bluestone Co.,*
    948 F.3d 607 (3d Cir. 2019)................................................................6

*Ray v. Fed. Ins. Co./CHUBB,*
    No. 08-1807, 2008 U.S. Dist. LEXIS 102824 (E.D. Pa. Dec. 19, 2008)............................5, 8

*Shah v. U.S.,*
    540 Fed. Appx. 91 (3d Cir. 2013)...........................................................7

*Sheridan v. NGK Metals Corp.,*
    609 F.3d 239 (3d Cir. 2010)................................................................8

*Vallies v. Sky Bank,*
    432 F.3d 493 (3d Cir. 2006)................................................................4

*Victaulic Co. v. Tieman*,
    499 F.3d 227 (3d Cir. 2007)..................................................................................5

**RULES**

Fed. R. Civ. P. 12(b)(6)..................................................................................4

Fed. R. Civ. P. 41(b)......................................................................................6

Fed. R. Evid. 201(b)(2)..................................................................................2

Defendant UMG Recordings, Inc. (erroneously sued as "Universal Music Group, Inc.") ("UMG") respectfully submits this memorandum of law in support of its Motion to Dismiss the Complaint of Plaintiff Dirahn Dennis Gilliams ("Gilliams").

## I.    INTRODUCTION

Over a decade ago, Gilliams, through counsel, filed suit against seven defendants including Universal Music Group, Inc. for copyright infringement and seven other state law claims.  As evidenced from the title, "Complaint for Copyright Infringement and Other Relief," the crux of the allegations involved the alleged copying and incorporation of Gilliams' work "Grindin' Like a Goon" into Lil' Wayne's highly successful song "Lollipop."  On a motion to dismiss, this Court dismissed all seven of Gilliams' state law claims ***with prejudice*** as preempted by the Copyright Act since all were "predicated on the factual allegations and underlying theory that Defendants copied [Gilliams'] work."  Thereafter, the parties litigated Gilliams' copyright claim.  However, after four discovery extensions, the withdrawal of his attorney, and his failure to rebut defendants' expert report, and thus likely recognizing the futility of his claim, Gilliams voluntarily dismissed the action.  Although Gilliams sought dismissal without prejudice, this Court granted dismissal ***with prejudice***, explaining that it would otherwise be unfair to potentially subject the defendants to "the burden and expense of defending a case which ultimately fizzled through no fault of their own."  This Court also made it very clear to Gilliams that "the dismissal would bar any subsequent action based upon the assertions in the amended complaint."

Despite this Court's warning, Gilliams filed this action for "unjust enrichment and copyright infringement," alleging once again that defendants had access to and "plagiariz[ed] and infring[ed]" his "Grindin' Like a Goon" work.  As this Court has previously stated, the

defendants should not be put to the burden and expense of defending another lawsuit based on the same underlying facts.  The Court should enforce its warning made to Gilliams over a decade ago that such a suit would be barred.

## II.   PROCEDURAL HISTORY AND STATEMENT OF FACTS

On April 29, 2010, Gilliams, through counsel, filed an eight-count Complaint in this Court against, among others, Dwayne Michael Carter, Jr. (Lil' Wayne), James Scheffer, Cash Money Records, Inc., and Universal Music Group, Inc. ("the 2010 Action"), asserting the following causes of action against all defendants:

| | |
|---|---|
| Count I | Copyright Infringement |
| Count II | Misappropriation of Ideas |
| Count III | Unjust Enrichment |
| Count IV | Conversion |
| Count V | Quantum Meruit |
| Count VI | Unfair Competition |
| Count VII | Constructive Trust |
| Count VIII | Accounting |

(Ex. A.[1])  On August 17, 2010, the parties stipulated to replace Universal Music Group, Inc. with UMG Recordings, Inc. as the proper party in interest. (Ex. B.[2])

On September 8, 2010, following a hearing on Defendants' motion to dismiss, this Court dismissed Gilliams' state law claims asserted in the 2010 Action (Counts II–VIII) *with*

---

[1] A true and correct copy of the Complaint from the 2010 Action (*Gilliams v. Carter*, 2:10-cv-01914-ER) is attached hereto as <u>Exhibit A</u>.

The Court may take judicial notice of documents filed on the public docket of this case because such facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2); *see, e.g. Chilcott v. Erie Cty. Prison*, 774 F. App'x 99, 100–01 (3d Cir. 2019) ("The Magistrate Judge took judicial notice of previous lawsuits filed by [Plaintiff] . . . and used them as a basis for applying the doctrine of res judicata.").

[2] A true and correct copy of the Stipulation to Amend the Captions from the 2010 Action is attached hereto as <u>Exhibit B</u>.

*prejudice*.  (Ex. C.[3])  This Court held that Gilliams' state law claims were preempted by the Copyright Act.

> In [the 2010 Action], each and every one of Plaintiff's state-law claims are predicated on the factual allegations and underlying theory that Defendants copied Plaintiff's work. That is, notwithstanding the language Plaintiff's complaint uses, Plaintiff is really only contesting the issue of whether the Defendants actually copied "Grindin' Like a Goon" and not the "ideas" it encompasses. Because an amendment would not cure this defect, Plaintiff's state-law claims are dismissed ***with prejudice*** as preempted.

(Ex. C at 2, footnote 1 (emphasis added).)  Accordingly, on September 28, 2010, Gilliams filed an Amended Complaint with only a single copyright infringement count.  (Ex. D.[4])

The parties litigated the 2010 Action including the taking of three depositions and the production of an unrebutted expert report by defendants.  (*See* Ex. E at 4, 7.[5])  During a status and scheduling conference on July 26, 2011, Gilliams[6] made an oral motion to voluntarily dismiss the 2010 Action.  (*Id.* at 3.)  Although Gilliams requested a dismissal without prejudice, this Court concluded "for the reasons set forth on the record in open court—that a dismissal with prejudice [was] appropriate."  (Ex. F.[7])  This Court reasoned that the 2010 Action involved an amended complaint and answer, four discovery extensions, three depositions, and withdraw of

---

[3] A true and correct copy of this Court's September 8, 2010, Order from the 2010 Action is attached hereto as Exhibit C.

[4] A true and correct copy of the Amended Complaint from the 2010 Action is attached hereto as Exhibit D.

[5] A true and correct copy of excerpts of the transcript of the July 26, 2011, status and scheduling conference from the 2010 Action is attached hereto as Exhibit E.

[6] Gilliams' counsel had previously withdrawn, and no new counsel entered an appearance for Gilliams.

[7] A true and correct copy of this Court's July 26, 2011, Order from the 2010 Action is attached hereto as Exhibit F.

Gilliams' counsel.  (Ex. E at 11–12.)  This Court explained that if the 2010 Action was "dismissed without prejudice, it simply would have placed the defendants to the burden and expense of defending a case which ultimately fizzled through no fault of their own." (*Id*. at 12.) Thus, this Court concluded that "a proper term for dismissing this case is ***with prejudice*** under Rule 41.  As it has been discussed here, the dismissal would bar any subsequent action based upon the assertions in the amended complaint." (*Id.* (emphasis added).)

Despite the dismissal of the 2010 Action ***with prejudice***, over 11 years later, on September 25, 2022, Gilliams filed a *pro se* Complaint[8] in this action based upon the same assertions made in the 2010 Action. Compl. (Dkt. No. 1)  Just as in the 2010 Action, the gist of Gilliams' Complaint is that defendants committed "unjust enrichment and copyright infringement" by "plagiarizing and infringing upon [his] works" including "Grinding Lika Goon"[9] by the song "Lollipop".[10]  (*Compare* Compl. at 2–4 *to e.g.,* Ex. D at ¶¶ 82–83.)

## III.   ARGUMENT

### A.   Legal Standard

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted [where], accepting as true the facts alleged and all reasonable inferences drawn therefrom, there is no reasonable reading upon which the plaintiff may be entitled to relief." *Vallies v. Sky Bank*, 432 F.3d 493, 494 (3d Cir. 2006) (internal quotation omitted).  While *pro se*

---

[8] Gilliams did not serve the Complaint on UMG until April 5, 2023.  (Dkt. No. 16.)  It appears that Gilliams had not served any other defendant.

[9] Note that in this action, Gilliams spells his work "Grinding Lika Goon" while in the 2010 Action the work is spelled "Grindin' Like a Goon."

[10] Although Gilliams does not explicitly state that "Lollipop" copies or incorporates "Grinding Lika Goon," it is clear from his allegations as his request for relief is based solely on "[t]he value of the work, 'Lollipop' by Lil Wayne."  (Compl. at 4.)

complaints must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a court

should "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere

conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012).  To

survive a motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the

speculative level." *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl.

Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint must contain "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  To satisfy the plausibility

standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer

possibility."  *Id.*

> **B.     Claim Preclusion Bars Gilliams' Attempt to Relitigate Claims Dismissed with
>         Prejudice in the 2010 Action**

In the 2010 Action, Gilliams litigated claims relating to his allegations that defendants

copied his work, "Grinding Lika Goon".  This Court dismissed each of those claims ***with

prejudice***.  Thus, claim preclusion bars the relitigation of those claims here.

"Under the doctrine of claim preclusion (or res judicata), a final judgment on the merits

precludes parties from relitigating issues that were raised, or could have been raised, in the

earlier action, thereby allowing the Court to 'avoid piecemeal litigation of claims arising from

the same events.'" *Ray v. Fed. Ins. Co./CHUBB*, No. 08-1807, 2008 U.S. Dist. LEXIS 102824, at

*6 (E.D. Pa. Dec. 19, 2008) (Robreno, J.) (quoting *Churchill v. Star Enters.*, 183 F.3d 184, 194

(3d Cir. 1999)).  For claim preclusion to apply, a defendant must show there has been "(1) a final

judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a

subsequent suit based on the same cause of action." *Davis v. Wells Fargo*, 824 F.3d 333, 341

(3d Cir. 2016) (quotation marks omitted).  "The doctrine of res judicata bars not only claims that

were brought in a previous action, but also claims that could have been brought." *Duhaney v. Att'y Gen. of the U.S.*, 621 F.3d 340, 347 (3d Cir. 2010).  All three elements of claim preclusion exist for Gilliams' Complaint in this action.

1.      **This Court's Orders Dismissing the Claims Asserted in the 2010 Action with Prejudice Constitute a Final Judgment on the Merits**

Claim preclusion is traditionally said to require a "judgment on the merits." "But that term of art is confusing because it does not require an actual verdict or summary judgment; a sanction for failure to follow court rules, for instance, can qualify too." *Papera v. Pa. Quarried Bluestone Co.,* 948 F.3d 607, 610 (3d Cir. 2019) (citing Fed. R. Civ. P. 41(b); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502 (2001)).  "The on-the-merits requirement is better understood in terms of its functional equivalent: whether a dismissal is *with prejudice*." *Id. (*citing *Semtek*, 531 U.S. at 505-06; 9 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. and Pro.* §2373, at 739–43 & n.4 (3d ed. 2008) ("'[W]ith prejudice' is an acceptable form of shorthand for 'an adjudication upon the merits.'")).

Here, this Court's Orders dismissing Gilliams' claims in the 2010 Action with prejudice constitute a final judgment on the merits.  Early on in the 2010 Action, after considering defendants' motion to dismiss, this Court dismissed *with prejudice* all of Gilliams' asserted state law claims in the 2010 Action as preempted by the Copyright Act.  (Ex. C.)  This Court explained that the state law claims are based on the same "factual allegations and underlying theory" as the copyright claim.  (Ex. C at 2.)  Later, the Court dismissed *with prejudice* the rest of the 2010 Action, namely Gilliams' copyright claim.  (Ex. F.)  As this Court explained to Gilliams in the 2010 Action, the Court's dismissal of the 2010 Action "would bar any subsequent action based upon the assertions in the amended complaint."  (Ex. E at 12.)

## 2.      UMG Was a Party in the 2010 Action

The 2010 Action involved the same parties as in this case.  In the 2010 Action, Gilliams

filed suit against, among others, Dwayne Michael Carter, Jr., James Scheffer, Cash Money

Records, Inc., and Universal Music Group, Inc.  Each of those defendants have also been sued in

this action.  Thus, UMG was a party to the 2010 Action and can assert claim preclusion.

Even though Universal Music Group, Inc. was replaced with UMG Recordings, Inc. prior

to the dismissal of the 2010 Action, claim preclusion still applies.  First, as in the 2010 Action,

UMG Recordings, Inc. is the proper party in this action because it is the operating company that

holds the copyrights to the allegedly infringing work, "Lollipop."[11]  Universal Music Group,

Inc., on the other hand, is merely a stock holding company.  Thus, UMG Recordings, Inc. should

be able to assert claim preclusion as the proper party in both the 2010 Action and this action.

Second, even if Universal Music Group, Inc. is considered the correct party in this action,

it can assert claim preclusion defensively because it is in privity with UMG Recordings, Inc.

*See, e.g., Adefumi v. City of Philadelphia*, 445 Fed. Appx. 610, 611 (3d Cir. 2011) (permitting

defendant City of Philadelphia to invoke claim preclusion based on plaintiff's prior action

against the Free Library because City and the Free Library were in privity based *inter alia* on

their "alignment of interests").  As the Third Circuit explained, "[p]rivity 'is merely a word used

to say that the relationship between one who is a party on the record and another is close enough

to include that other within the res judicata.'"  *Shah v. U.S.*, 540 Fed. Appx. 91, 93 (3d Cir. 2013)

(quoting *Marran v. Marran*, 376 F.3d 143, 151 (3d Cir. 2004)).  Finally, an even lesser showing

of privity is required here, since UMG is invoking res judicata *defensively*.   *See Lubrizol Corp.*

---

[11] In the 2010 Action, Gilliams agreed that UMG Recordings, Inc. was the proper party by
agreeing to substitute UMG Recordings, Inc. for Universal Music Group, Inc. (Ex. B.)

*v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991) ("[A] lesser degree of privity is required for a new defendant to benefit from claim preclusion than for a plaintiff to bind a new defendant in a later action.").

Here, the relationship between UMG Recordings, Inc. and Universal Music Group, Inc. clearly necessitates a finding of privity for claim preclusion purposes.  UMG Recordings, Inc. and Universal Music Group, Inc. are part of the same corporate family.  Specifically, Universal Music Group, Inc. is one of the parent corporations of UMG Recordings, Inc.  (*See* Corporate Disclose Statement filed herewith.)  Thus, Universal Music Group, Inc. and UMG Recordings, Inc. are privies, and Universal Music Group, Inc. benefits from claim preclusion applied to UMG Recordings, Inc.  *See, e.g.*, *Lubrizol Corp.*, 929 F.2d at 966 (holding that a wholly owned affiliate and its parent corporation are privies for purposes of claim preclusion).

### 3. The Claims Dismissed in the 2010 Action and the Claims Asserted in the Complaint in this Action Are Based on the Same Cause of Action

The Third Circuit "take[s] a broad view of what constitutes the same cause of action" and has explained that "res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) (internal quotations omitted).  In analyzing essential similarity, the Third Circuit considers several factors: "(1) whether the acts complained of and the demand for relief are the same . . .; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same . . .; and (4) whether the material facts alleged are the same. It is not dispositive that a plaintiff asserts a different theory of recovery or seeks different relief in the two actions."  *Id.* at 261 (internal quotations omitted); *see also Ray*, 2008 U.S. Dist. LEXIS 102824, at *6–8.

Here, under the Third Circuit's essential similarity test, Gilliams is asserting the same cause of action as those that were previously dismissed in the 2010 Action. First, the acts complained of and the relief requested are essentially the same between the two actions.  Just as in the 2010 Action, the crux of Gilliams' Complaint is that in 2007, Gilliams created an original composition entitled "Grindin' Like a Goon,"[12] and that defendants copied and incorporated substantial and original portions of "Grindin' Like a Goon" during the production of Lil Wayne's recording "Lollipop." (*Compare* Compl. at 3–4 *to e.g.*, Ex. A at ¶¶ 19, 28 and Ex. D at ¶¶ 22, 60.)  Like in the 2010 Action, in this action, Gilliams seeks "lost profits" relating to the value of the work "Lollipop."  (*See, e.g.*, Compl. at 4; Ex. A at ¶¶ 51, 57, 62, 71.)  Second, the theories of recovery overlap as Gilliams appears to be asserting "unjust enrichment and copyright infringement" in this action, which he also asserted in the 2010 Action. (*Compare* Compl. at 2 *to* Ex. A at 39, 57; Ex. D at 83.)  Third, the witnesses are likely to be the same in this action as the 2010 Action, including Gilliams, and those he accuses of having access to and copying his work, such as James Scheffer and Dwayne Carter.  Finally, the key material facts are the same— defendants' access to Gilliams' "Grindin' Like a Goon" and the substantial similarity between Gilliams' "Grindin' Like a Goon" and Lil' Wayne's "Lollipop." Because each of the four factors considered by the Third Circuit favor a finding of essential similarity, Gilliams is asserting the same cause of action for res judicata purposes.

---

[12] To the extent Gilliams is arguing that another one of his works was copied by "Lollipop," this claim is also barred as it could have been brought in the 2010 Action.  "[R]es judicata bars not only claims that were brought in the previous action, but also ***claims that could have been brought***." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) (quoting *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 173 (3d Cir. 2009).

IV.     **CONCLUSION**

For the foregoing reasons, UMG respectfully requests that the Court grant UMG's

Motion to Dismiss Gilliams' Complaint.

Respectfully submitted,

Dated:  April 26, 2023           /s/ Marc S. Segal
                                 Marc S. Segal
                                 segalm@ballardspahr.com
                                 **BALLARD SPAHR LLP**
                                 1735 Market Street, 51st Floor
                                 Philadelphia, PA 19103
                                 Telephone:  (215) 665-8500
                                 Facsimile:  (215) 864-8999

                                 *Attorney for Defendant UMG Recordings,*
                                 *Inc.*