# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dirahn Gilliams, | : | |
| | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. |
| | : | |
| Dwayne Michael Carter, Jr. pka Lil' Wayne, | : | |
| Darius Harrison pka Deezle, James | : | Jury Trial Demanded |
| Scheffer pka Jim Jonsin, Rex Zamor, | : | |
| Cash Money Records, Inc., Universal | : | |
| Music Group, Inc., and Young Money | : | |
| Entertainment, LLC, | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND OTHER RELIEF**

Plaintiff, Dirahn Gilliams, by and through his undersigned attorney, brings a series of claims against Defendants Dwayne Michael Carter, Jr., pka Lil' Wayne, Darius Harrison pka Deezle, James Scheffer pka Jim Jonsin, Rex Zamor, Cash Money Records, Inc., Universal Music Group, Inc., and Young Money Entertainment, LLC, of which the following is a statement:

**PARTIES, JURISDICTION AND VENUE**

1. This action is brought, and subject matter jurisdiction lies within this Court, pursuant to 28 U.S.C. §§s 1331 and 1338. This Court has federal jurisdiction in this matter in that the Plaintiff seeks damages and injunctive relief against the Defendants named herein under §§ 501 through 505 of the Copyright Act of 1976, 17 U.S.C. § 101 et seq. This Court has pendent jurisdiction pursuant to 28 U.S.C. § 1367 over any claims asserted herein which may arise under state law, including, without limitation, claims seeking damages for misappropriation of ideas, unjust enrichment, conversion, quantum meruit, unfair

[1]

competition, imposition of a constructive trust and performance of an accounting, in that such claims flow from a common nucleus of operative facts.

2. Venue lies within this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)(3), 1391(c), 1391(d) and 1400(a) in that a substantial part of the events or the omissions giving rise to Plaintiff's claims occurred in this judicial district.

3. At all times relevant to this action, Plaintiff, Dirahn Gilliams, was an individual with a principal place of business within this judicial district.

4. Defendant Dwayne Michael Carter, Jr. pka Lil' Wayne, is an individual who, on information and belief, currently is a resident of the State of New York.

5. Defendant Darius Harrison pka Deezle is an individual who, on information and belief, is a resident of the State of Louisiana.

6. Defendant James Scheffer pka Jim Jonsin is an individual who, on information and belief, is a resident of the State of Florida.

7. Defendant Rex Zamor is an individual who, on information and belief, is a resident of the State of New York.

8. Defendant Cash Money Records, Inc., is a Louisiana corporation with its registered office located at 201 St. Charles Avenue, 49th Floor, New Orleans LA 70170.

9. Defendant Universal Music Group, Inc., is a subsidiary of UMG Recordings, Inc., a Delaware corporation, and has a principal place of business at 1755 Broadway, New York, NY 10019.

10. Defendant Young Money Entertainment, LLC, is a limited liability corporation organized and existing under the laws of the state of Louisiana with a registered office located at 100 James Drive, # 130, St. Rose, LA 70087.

12. At all times relevant to this action, all Defendants conduct business in the Commonwealth of Pennsylvania, have substantial contact with the Commonwealth of Pennsylvania, direct business to the Commonwealth of Pennsylvania, and otherwise have sufficient contacts with the Commonwealth of Pennsylvania to confer jurisdiction in the Commonwealth of Pennsylvania.

13. All conditions precedent to the institution of this action have been satisfied, are being satisfied or have been otherwise waived.

**BACKGROUND FACTS**

14. At all relevant times, Gilliams is a musician, writer and composer with a principal place of business in the Commonwealth of Pennsylvania.

15. At all times relevant to this action, Young Money was an imprint of Cash Money, and Universal provided distribution, marketing and promotion support for Cash Money, Young Money and their artists.

16. As a musician, writer and composer, Gilliams regularly creates musical compositions, also known as "beats" within the hip hop community, for distribution and sale within the Commonwealth of Pennsylvania and throughout the United States.

[3]

17. Defendants Harrison and Scheffer are successful music producers who have produced numerous hit songs and achieved worldwide stardom in their production efforts throughout the United States.

18. Defendants Cash Money, Universal and Young Money are in the business of distributing and exploiting musical sound recordings including, but not limited to, sound recordings created by the artist defendant Dwayne Michael Carter, Jr., commonly known as "Lil Wayne."

19. In or about March 2007, Gilliams created, composed, authored and wrote an original composition entitled "Grindin' Like a Goon", which consisted of wholly original matter. As of April 28, 2010, the effective date of registration, an application for copyright registration of the work and all required documents and fees were received by the United States Copyright Office. Plaintiff will amend the Complaint to identify the Certificate of Registration number when the same is received by his counsel.

20. On information and belief, in late 2007, the artist commonly known as "Lil Wayne" was working on his studio album entitled "Tha Carter III".

21. In or about June 2008, the album entitled "Tha Carter III" was commercially released through various media, including streaming media, compact disc and digital downloads.

[4]

22. The album "Tha Carter III" included the song "Lollipop", which allegedly was produced by Jonsin and Deezle. On information and belief, Defendants Carter, Scheffer, Harrison and Zamor each contributed to the creation of the musical composition "Lollipop".

23. "Lollipop" became a smash hit, topping various airplay and sales charts and driving sales of the album "Tha Carter III" by "Lil Wayne". For example, "Lollipop" was certified 4x Platinum by the RIAA and was ranked the #7 hip hop song of 2008 by MTV. The song reached #1 on the 2008 issue of Notarized by BET, it was #5 on Rolling Stone's list of the 100 Best Songs of 2008 and was the single most downloaded ringtone of the 2000s.

24. On information and belief, each Defendant was aware of, participated in, and contributed to the exploitation of the musical composition "Lollipop" including the marketing, distribution, and exploitation of "Lollipop" in the United States, including Pennsylvania, through sales of the compact discs, digital downloads, radio and television airplay, and otherwise.

25. On information and belief, all Defendants have earned millions of dollars and revenues through their exploitation of "Lollipop" and continued to actively exploit the work worldwide through sales of compact discs, radio and television airplay, and otherwise.

26. On information and belief, sometime after April 24, 2007, Scheffer, Harrison, Carter, Zamor, Cash Money and/or Young Money obtained a copy of Gilliams' musical composition "Grindin' Like a Goon" through Scheffer and/or one of their agents, including, without limitation, Kevon Glickman, Lamont Caldwell, Michael Anthony, Tony Tukpah, Kaesono, British Alexander "Brisco" Mitchell and/or Tramar "Flo Rida" Dillard, all of whom

[5]

received in April or May 2007, or shortly thereafter, a copy of Gilliams' musical composition "Grindin' Like A Goon.".

27. On information and belief, all Defendants should have known that "Grindin' Like a Goon" was an original composition produced by Gilliams.

28. On information and belief, Scheffer, Harrison, Carter, Zamor, Cash Money and/or Young Money copied and incorporated substantial and original portions of Gilliams' composition, "Grindin' Like a Goon" while producing "Lil Wayne's" musical composition and sound recording "Lollipop". There is substantial similarity between the two (2) works due to Defendants' copying. On information and belief, Scheffer, Harrison, Carter and/or Zamor then conveyed "Lollipop" (which contained Gilliams' composition) to Cash Money, Young Money and/or Universal for distribution.

29. Plaintiff did not become aware that Defendants had copied, reproduced and used his musical composition "Grindin' Like a Goon" in the musical composition and sound recording of "Lollipop" until sometime after June 2008, when "Tha Carter III" was released commercially.

30. Defendants never sought or obtained Gilliams' permission to copy, duplicate, perform or otherwise use his musical composition of "Grindin' Like a Goon" in "Lil Wayne's" composition and sound recording "Lollipop", or at all.

31. Defendants Cash Money, Young Money and/or Universal never sought or obtained Gilliams' permission to copy, duplicate, perform, or distribute or otherwise use his

musical composition "Grindin' Like a Goon" when it distributed "Lil Wayne's" composition and sound recording "Lollipop" which was included in the album "Tha Carter III".

32. Defendants' copying, duplication, use, performance and exploitation of "Grindin' Like a Goon" in the composition and sound recording of "Lollipop" constituted infringements of Gilliams' copyright in the composition of "Grindin' Like a Goon".

33. Defendants' infringing acts were willful, deliberate and committed prior to notice and knowledge of Gilliams' copyright and/or his ownership. At a minimum, Defendants acted in reckless disregard of Gilliams' copyright and/or ownership.

34. In engaging in the acts complained of herein, Defendants, among other things, also failed to properly credit the author and publisher of "Lollipop", and falsely implied that legal authorization was obtained from Gilliams to distribute "Grindin' Like a Goon" in the use of the composition of "Lollipop" by "Lil Wayne".

35. On information and belief, each of the Defendants earned and received millions of dollars and other valuable benefits and consideration from their copying and use of "Grindin' Like a Goon" in the musical composition and sound recording of "Lollipop" and in any other uses that may have been made thereof by the Defendants.

36. As a direct and proximate result of the Defendants' acts, Plaintiff has incurred damages including attorney's fees and costs in having to bring this lawsuit.

## Count I – Copyright Infringement

37. Plaintiff incorporates herein by reference as if set forth in full the averments of paragraphs 1-36, inclusive, of this Complaint.

38. Plaintiff is the owner and the copyright of the musical composition of "Grindin' Like a Goon" and is entitled and authorized to protect his composition against copyright infringement, including the enforcement of copyright actions. Plaintiff has secured the exclusive rights under federal law to protect his copyright.

39. On information and belief, since at least June 2008, Defendants infringed, and are continuing to infringe, upon Plaintiff's copyright in the composition "Grindin' Like a Goon" including, but not limited to by copying, reproducing, preparing, causing, contributing to, and participating in the unauthorized copying, reproduction, and use of the musical composition "Grindin' Like a Goon" in the sound recording "Lollipop" and causing the same to be publicly distributed in retail stores, on the internet, by digital download, through radio, through television airplay, through compilation recordings, and otherwise, including in this judicial district.

40. Plaintiff did not authorize Defendants to copy, reproduce, perform or use the composition "Grindin' Like a Goon" in recording "Lollipop" or at all. Defendants did not seek or obtain any permission, consent or license from Plaintiff for the copying, reproduction, performance or use of the composition "Grindin' Like a Goon" in the composition or sound recording "Lollipop", or in any uses thereof that were made or authorized by Defendants, or at all.

[8]

41. Defendants' infringing acts alleged herein were willful, deliberate and committed with prior notice and knowledge of Plaintiff's copyright. At a minimum, Defendants acted in reckless disregard of Plaintiff's copyright and/or ownership of the sound recording "Grindin' Like a Goon".

42. As a direct and proximate result of their actions, Defendants are liable to Plaintiff for willful copyright infringement under 17 U.S.C. § 501. Plaintiff suffered, and will continue to suffer, substantial damage to his professional reputation and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to proof. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504. In the alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2), because of Defendants' willful copyright infringement.

43. Plaintiff does not have an adequate remedy at law for Defendants' wrongful conduct in that (a) Plaintiff's copyright is unique and valuable property which has no readily determinable market value; (b) the infringement by the Defendants constitutes an interference with Plaintiff's goodwill and professional reputation; and (c) Defendants' wrongful conduct, and the damages resulting to Plaintiff therefrom is continuing. Defendants' use of copyright infringement has caused Plaintiff irreparable injury, and Defendants threatened to continue to commit these acts. Plaintiff is entitled to injunctive relief pursuant to 17 U.S.C. § 502 enjoining any use or exploitation by Defendants of their infringing composition and all sound recording of "Grindin' Like a Goon" and to an order

[9]

under 17 U.S.C. § 503 that any of the Defendants' infringing products be impounded and destroyed.

WHEREFORE, Plaintiff, Dirahn Gilliams, hereby demands judgment in his favor and against Defendants, granting him all relief available under the Copyright Act.

### Count II – Misappropriation of Ideas

44. Plaintiff incorporates herein by reference as if set forth in full the averments of paragraphs 1-36, inclusive, of this Complaint.

45. Gilliams provided unique, concrete and specific ideas, through his agent, to the Defendants which, under the circumstances, created a confidential and fiduciary relationship implied in law between Gilliams and the Defendants.

46. The Defendants knew, or should have known, that Gilliams expected the Defendants to keep his ideas, in the form of his unique musical composition, confidential and that Gilliams expected to be compensated and/or receive credit if his unique idea was utilized.

47. Gilliams has made a substantial investment of time, and other valuable resources, into the creation of his unique and original idea, so that such unique idea was his property.

48. The Defendants misappropriated Gilliams' idea and property rights after Defendants Scheffer, Harrison, Carter, and/or Zamor received Gilliams' idea through Gilliams' agent, and utilized the idea in the song "Lollipop", which was then distributed by Cash

[10]

Money, Young Money and/or Universal without compensation or credit to Gilliams. These acts were committed maliciously, willfully, knowingly and with reckless disregard of Gilliams' property rights.

49. The aforementioned acts of the Defendants constitute Misappropriation of Ideas under the laws of the United States and the Commonwealth of Pennsylvania.

50. Gilliams has been damaged as he has not been compensated for the misappropriation of his unique idea, nor received credit. Gilliams cannot be adequately compensated via the continuation of the sale of the compact disc "Tha Carter III", for which he has received no credit for the song "Lollipop", and thus has irreparable injury and no adequate remedy at law.

51. The Defendants are liable to Gilliams for restitution or the value of the benefit conferred by Gilliams to them through the sale of "Lollipop" either as a single, a digital download, or via the sale of the compact disc "Tha Carter III".

WHEREFORE, Plaintiff, Dirahn Gilliams, hereby demands judgment in his favor and against the Defendants on Count II granting the following relief:

a. an injunction against the continual sale of the song "Lollipop" in any form and/or the sale of the album "Tha Carter III" in any form;

b. money damages;

c. lost profits;

d. actual damages;

[11]

    e.  restitution for any amounts as to which the Defendants have been unjustly enriched;

    f.  disgorgement;

    g.  compensatory, consequential and incidental damages;

    h.  punitive damages for the willful violation;

    i.  reasonable attorney's fees and costs;

    j.  pre-judgment and post-judgment interest; and

    k.  such other relief as the Court deems appropriate.

### *Count III – Unjust Enrichment*

52.    Plaintiff incorporates herein by reference as if set forth in full the averments of paragraphs 1-36, inclusive, of this Complaint.

53.    Defendants never sought or obtained Gilliams' permission to copy, duplicate, perform or otherwise use his musical composition of "Grindin' Like a Goon" in "Lil Wayne's" composition and sound recording "Lollipop", or at all.

54.    Defendants Cash Money, Young Money and Universal never sought or obtained Gilliams' permission to copy, duplicate, perform, distribute, or otherwise use his musical composition "Grindin' Like a Goon" when they distributed "Lil Wayne's" composition and sound recording "Lollipop" which was included in the album "Tha Carter III".

55.    Gilliams provided a benefit to the Defendants in the form of his unique idea to the Defendants and expected to be paid for the given benefit and/or receive credit.

[12]

56. The Defendants retained the value of the benefit provided by the Plaintiff and failed to compensate him and/or give him credit and, thus, Plaintiff has been damaged.

57. The Defendants' retention of this benefit without compensation and/or credit to Gilliams would be inequitable and unjust and, thus, constitutes unjust enrichment to the Defendants.

WHEREFORE, Plaintiff, Dirahn Gilliams, hereby demands judgment in his favor and against Defendants on Count III granting him the following relief:

a. an injunction against the continual sale of the song "Lollipop" in any form and/or the sale of the album "Tha Carter III" in any form;

b. money damages;

c. lost profits;

d. actual damages;

e. restitution for any amounts as to which the Defendants have been unjustly enriched;

f. disgorgement;

g. compensatory, consequential and incidental damages;

h. punitive damages for the willful violation;

i. reasonable attorney's fees and costs;

j. pre-judgment and post-judgment interest; and

k. such other and further relief as the Court deems appropriate.

### Count IV – Conversion

58. Plaintiff incorporates herein by reference as if set forth in full the averments of paragraphs 1-36, inclusive, of this Complaint.

59. The Defendants have not compensated Gilliams, nor given him credit for his work which was utilized and retained by the Defendants.

60. The Defendants' acts constitute conversion over the Plaintiff's property.

61. This conversion was committed willfully, knowingly, maliciously, and in conscious disregard of Gilliams' property rights.

62. As such, Gilliams has suffered and will continue to suffer irreparable injury.

WHEREFORE, Plaintiff, Dirahn Gilliams, hereby demands judgment in his favor and against the Defendants on Count IV, granting him the following relief:

a. an injunction against the continual sale of the song "Lollipop" in any form and/or the sale of the album "Tha Carter III" in any form;

b. money damages;

c. lost profits;

d. actual damages;

e. restitution for any amounts as to which the Defendants have been unjustly enriched;

f. disgorgement;

g. compensatory, consequential and incidental damages;

h. punitive damages for the willful violation;

[14]

i. reasonable attorney's fees and costs;

j. pre-judgment and post-judgment interest; and

k. such other and further relief as the Court deems appropriate.

### *Count V – Quantum Meruit*

63. Plaintiff incorporates herein by reference as if set forth in full the averments of paragraphs 1-36, inclusive, of this Complaint.

64. The Defendants have not compensated Gilliams, nor given him credit for his work which was utilized and retained by the Defendants.

65. This valuable benefit which was provided to the Defendants from the Plaintiff was retained by them, and without compensation or credit to Gilliams.

66. The conduct of the Defendants was malicious, knowing, willful and in conscious disregard of Gilliams' property rights.

WHEREFORE, Plaintiff, Dirahn Gilliams, hereby demands judgment in his favor and against the Defendants, granting him the following relief:

a. an injunction against the continual sale of the song "Lollipop" in any form and/or the sale of the album "Tha Carter III" in any form;

b. money damages;

c. lost profits;

d. actual damages;

e. restitution for any amounts as to which the Defendants have been unjustly enriched;

   f. disgorgement;

   g. compensatory, consequential and incidental damages;

   h. punitive damages for the willful violation;

   i. reasonable attorney's fees and costs;

   j. pre-judgment and post-judgment interest; and

   k. such other and further relief as the Court deems appropriate.

*Count VI – Unfair Competition*

67. Plaintiff incorporates herein by reference as if set forth in full the averments of paragraphs 1-36, inclusive, of this Complaint.

68. The Defendants have not compensated Gilliams, nor given him credit for his work which was utilized and retained by the Defendants.

69. This valuable benefit which was provided to the Defendants from the Plaintiff was retained by them, and without compensation or credit to Gilliams.

70. The conduct of the Defendants was malicious, knowing, willful and in conscious disregard of Gilliams' property rights.

71. The Defendants' use of compact discs, digital downloads, the media, the newspapers, and other methods of promotion of "Lil Wayne's" song "Lollipop" and his album "Tha Carter III" without credit or compensation to Gilliams constitutes unfair competition as it causes confusion and deception in the marketplace.

WHEREFORE, Plaintiff, Dirahn Gilliams, hereby demands judgment in his favor and against the Defendants granting him the following relief:

    a.    an injunction against the continual sale of the song "Lollipop" in any form and/or the sale of the album "Tha Carter III" in any form;

    b.   money damages;

    c.  lost profits;

    d.  actual damages;

    e.  restitution for any amounts as to which the Defendants have been unjustly enriched;

    f.  disgorgement;

    g.   compensatory, consequential and incidental damages;

    h.  punitive damages for the willful violation;

    i.  reasonable attorneys' fees and costs;

    j.  pre-judgment and post-judgment interest; and

    k.  such other and further relief as the Court deems appropriate.

### *Count VII – Constructive Trust*

72.    Plaintiff incorporates herein by reference as if set forth in full the averments of paragraphs 1-36, inclusive, of this Complaint.

73.    By virtue of their wrongful conduct, Defendants wrongfully received money and profits that rightfully belonged to Gilliams.

74.    Defendants are therefore involuntary trustees, holding the gross receipts from their product sales and revenues to the extent attributable to "Lollipop" and/or "Tha Carter III" and therefore attributable to the misappropriation of Plaintiff's ideas and property. Defendants hold such monies and funds on behalf of and subject to a first and

prior lien against all others in favor of Gilliams. On information and belief, Defendants hold this received monies and profits in the form of a bank account, real property, and personal property that can be located and traced.

WHEREFORE, Plaintiff, Dirahn Gilliams, is entitled to a constructive trust in view of Defendants' wrongful misappropriation of his property.

### Count VIII – Accounting

75. Plaintiff incorporates herein by reference as if set forth in full the averments of paragraphs 1-36, inclusive, of this Complaint.

76. Under the causes of action as set forth herein, Plaintiff may recover any and all profits of Defendants that are attributable to their misappropriation and conversion of Plaintiff's ideas and property rights.

77. A balance is due from the Defendants due to these wrongful acts, for misappropriation of profits and gross receipts.

78. The exact amount of money due from the Defendants is unknown to Plaintiff, and can only be ascertained through an accounting.

WHEREFORE, Plaintiff, Dirahn Gilliams, hereby seeks an order from this Court directing Defendants to provide Plaintiff with an accounting and payment of the amount due as a result of the accounting, plus interest.

## *Jury Demand*

79. Plaintiff demands a trial by jury of all issues so triable.

_____
Robert T Vance Jr (RTV3988)
Law Offices of Robert T Vance Jr
Suite 1530 Land Title Building
100 South Broad Street
Philadelphia PA 19110
215.557.9550 t
215.557.9552 f
rvance@vancelf.com

*Attorney for Dirahn Gilliams*

[19]