# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIRAHN GILLIAMS, | : | CIVIL ACTION |
| | : | NO. 10-1914 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DWAYNE MICHAEL CARTER et al., | : | |
| | : | |
| Defendants. | : | |

FILED

SEP 09 2010

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**O R D E R**

**AND NOW,** this **8th** day of **September, 2010**, following a hearing on Defendants' motion to dismiss, it is hereby **ORDERED** that Plaintiff's state-law claims (Counts II-VIII) are dismissed **with prejudice;**[1]

---

[1] Section 301 of the Copyright Act provides that:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title. . . . [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a). The statute goes on to clarify that it only preempts state law claims that (1) come within the subject matter of copyright; and (2) involve legal or equitable rights equivalent to the rights. See 17 U.S.C. §§ 301(b)(1) & (3); see also Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc., 307 F.3d 197, 216-17 (3d Cir. 2002) (describing the contours of preemption under Section 301). State claims involve equivalent legal or equitable rights where the claim fails to include "an extra element, beyond mere copying, preparation of derivative works, distribution or display." Id. at 217 (quoting Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1164 (1st Cir. 1994)). However, as this Court has noted, the extra

It is hereby further **ORDERED** that Plaintiff's copyright infringement claim (Count I) is dismissed **without prejudice**;[2]

---

element must "change[] the nature of the action so that it is qualitatively different from a copyright infringement claim." County of Delaware v. Gov't Sys., Inc., 230 F. Supp. 2d 592, 598 (E.D. Pa. 2002) (Robreno, J.).

    Here, the parties do not debate that the state law claims at issue fall within the subject matter of copyright insofar as they clearly seek to vindicate rights "in works of authorship that are fixed in a tangible medium." 17 U.S.C. § 301(a). However, the parties disagree as to whether the state-law claims are "equivalent" to the copyright infringement claim. Defendants assert that Plaintiff's state-law claims all relate to the same main point: namely, that Defendants allegedly copied "Grindin' Like a Goon" in "Lollipop." Plaintiff, on the other hand, explains the state-law claims are not preempted because his unique "ideas" were copied and profited from. That is, that the state law claims seek to vindicate redressable rights in the "ideas" that were incorporated into the song rather than rights associated with the copying of the song itself.

    Plaintiff's distinction is not tenable and, if adopted, would make the question of whether a given state-law claim is preempted by the Copyright Act a matter of pleading semantics. Cf., e.g. Gary Friedrich Enters., LLC v. Marvel Enters., Inc., --- F. Supp. 2d ----, 2010 WL 1789714, at *12 (S.D.N.Y. May 3, 2010) (stating misappropriation of ideas claim is necessarily preempted where the complaint's facts "make it impossible to separate a claim of misappropriation of [the] idea from a claim of misappropriation of the copyrightable . . . work through which the idea was expressed" (internal marks omitted) (quoting Katz Dochrermann & Epstein, Inc. v. Home Box Office, No. 97-7763, 1999 WL 179603, at *4 (S.D.N.Y. Mar. 31, 1999)). In this case, each and every one of Plaintiff's state-law claims are predicated on the factual allegations and underlying theory that Defendants copied Plaintiff's work. That is, notwithstanding the language Plaintiff's complaint uses, Plaintiff is really only contesting the issue of whether the Defendants actually copied "Grindin' Like a Goon" and not the "ideas" it encompasses. Because an amendment would not cure this defect, Plaintiff's state-law claims are dismissed with prejudice as preempted.

    [2] As currently constituted, the complaint is insufficient to state a plausible claim for relief under Twombly and Iqbal. In such circumstances, a plaintiff is generally entitled to a curative amendment which, in this case, Plaintiff expressly

It is hereby further **ORDERED** that Plaintiff is granted leave to amend his complaint within twenty (20) days of this order.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

seeks. See Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n the event a complaint fails to state a claim, unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint."). However, this entitlement does not apply if an "amendment would be inequitable or futile." Id. at 236. "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

The Court is not persuaded at this juncture that amendment would necessarily be futile as to dismiss Plaintiff's copyright infringement claim with prejudice. Therefore, Plaintiff's copyright infringement claim is dismissed without prejudice and Plaintiff shall have leave to file an amended complaint.