# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

- - -

| | |
|---|---|
| DIRAHN GILLIAMS, | : CIVIL ACTION NO. 10-1914 |
| Plaintiff | : |
| v | : |
| DWAYNE MICHAEL CARTER, pka LIL' WAYNE, et al, | : Philadelphia, Pennsylvania<br>: July 26, 2011 |
| Defendants | : 9:05 a.m. |

- - -

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE EDUARDO C. ROBRENO
UNITED STATES DISTRICT JUDGE

- - -

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | DIRAHN GILLIAMS<br>2415 Denfield Street<br>Camden, NJ  08103<br>Pro Se |
| For the Defendant<br>Dwayne M. Carter,<br>et al, | CYNTHIA S. ARATO, ESQUIRE<br>Macht Shapiro Arato &<br>Isserles LLP<br>The Grace Building<br>45th Floor<br>1114 Avenue of the Americas<br>New York, NY  10036 |
| For Defendant<br>James Scheffer: | BRIAN D. CAPLAN, ESQUIRE<br>Caplan & Ross<br>270 Madison Avenue<br>13th Floor<br>New York, NY  10016 |

*Transcribers Limited*
17 Rickland Drive
Sewell, NJ 08080
856-589-6100 • 856-589-9005

| | | |
|---|---|---|
| 1 | Audio Operator: | Joseph Matkowski |
| 2 | Transcribed By: | Ritajean Wioncek |

- - -

Proceedings recorded by electronic sound recording; transcript produced by computer-aided transcription service.

- - -

4

1  with prejudice.  The discovery cutoff has passed.
2  There's been no discovery adduced at all showing any
3  access by defendants' to plaintiff's work.
4      We produced an expert report that stands
5  unrebutted that shows that there's no similarity at all
6  between any protected expression.  We are on the verge
7  of filing a summary judgment motion.
8      Plaintiff was given many opportunities to
9  withdraw this case.  His prior lawyer advised him to do
10 that months ago, so we think a dismissal with prejudice
11 is appropriate at this point.
12      THE COURT:  Okay.  Now, Mr. Gilliams, neither
13 you nor your lawyer apparently were prepared to proceed
14 with the case.  The defendants have had to spend, you
15 know, money and efforts trying to defend this case.
16 You haven't produced anything.
17      MR. GILLIAMS:  Well, the case actually
18 changed as of, what was it, I believe, April when the
19 defense finally presented their defense to us about two
20 weeks prior to a deposition of one of their clients.
21      From then on, we actually had to try to
22 deposition someone else, but between me and my lawyer
23 he refused to try to deposition that person and that
24 person actually has a direct trail and it would explain
25 the whole trail of events.  But it actually would

7

THE COURT: What is it? What do you have?

MR. GILLIAMS: In 2007, there was access actually given to the plaintiffs, I mean to the defense that, given from my deposition from one of the people that they did have access to the works. And the thing is there was exact similarities on the part of the expert witness in 2007 to the exact work. And the work in 2006 is not exact.

There is only two works that are actually exact, but we have some circumstances that go before that, just basically the base of how all the creations started.

Everything else is based on how the creation started. There's only really two exact and they're both only created in 2007. The thing that was created in 2006 is actually a little off.

MS. ARATO: Your Honor, I don't know what Mr. Gilliams is referring to as evidence having been adduced about access. There's been three depositions in the case, one is of defendant, Mr. Scheffer, who is the creator of the defendants' work which is a Lil Wayne song called "Lollipop," and there was no evidence adduced at Mr. Scheffer's deposition that he had any access to the plaintiff's work.

The plaintiff was deposed. He has no

11

It doesn't match up in key, and neither does "Cave" for that matter.

But, "Cave" is also able to be sampled in a certain way using a certain synthesizer program, and it can create the actual song used in "Lollipop." To my knowledge, I didn't know even -- I never even thought about going back to that until now which was basically like a month ago.

THE COURT: Thank you. The argument today, I suppose, revolves around the plaintiff's request that the case be dismissed without prejudice, and the defendant's view that the case should be dismissed with prejudice.

Under Rule 41(a)(1)(2), it provides that an action may be dismissed at the plaintiff's request by court order on terms that the Court considers proper. It also provides that unless the Court states otherwise a dismissal under this paragraph is without prejudice. So the Court has to determine what are the proper terms in this case and whether or not it should be dismissed with prejudice.

We take into account the following. This case was filed on April 29th of 2010. Since then there has been an amended complaint and an answer. There have been four scheduling orders that were entered

1  extending the time for taking discovery.

2  At least three depositions were taken in this
3  case. The plaintiff was given an opportunity to obtain
4  substitute counsel once his own counsel withdrew from
5  the case. The defendants have been put to the task of
6  defending the case.

7  The Court needs not determine whether or not
8  the plaintiff would ultimately win the case. The point
9  is, what are the proper terms. If the case is
10 dismissed without prejudice, it simply would have
11 placed the defendants to the burden and expense of
12 defending a case which ultimately fizzled through no
13 fault of their own.

14 On the other hand, it is plaintiff who had
15 the burden of proof, who brought this lawsuit and who
16 had the burden of going forward, both the burden of
17 production and the burden ultimately of persuasion
18 here.

19 So a proper term for dismissing this case is
20 with prejudice under Rule 41. As it has been discussed
21 here, the dismissal would bar any subsequent action
22 based upon the assertions in the amended complaint.

23 If there are other causes of actions as
24 between these parties that has nothing to do with this
25 case, if and when such action is brought, then we would

## CERTIFICATION

I, Ritajean Wioncek, do hereby certify that the foregoing is a true and correct transcript from the electronic sound recordings of the proceedings in the above-captioned matter.

11-8-11
Date

*[signature]*
Ritajean Wioncek